Next case in our call this morning is agenda number 8, case number 108133 People of the State of Illinois v. Cleother Tidwell Amanda Ingram Good morning Chief Justice, your honors, may it please the court, my name is Amanda Ingram and I represent Cleother Tidwell The Post-Conviction Hearing Act requires leave of court to file a successive petition. Leave of court only requires a demonstration of cause and prejudice. It does not require a separately filed motion. Even if this court ultimately concludes that a separate motion is required, the appellate court should not be able to avoid review of cause and prejudice where, as in this case, the trial court is able to make a ruling on cause and prejudice without a separate motion. When interpreting a statute, courts first look to the plain language and the ordinary meaning of the words used within the statute. The plain language of this statute requires a demonstration of cause and prejudice. It doesn't require a separate motion. The key word in this statute is demonstrates. The timing and manner of the demonstration are not regulated by the statute. Rather, it is up to the trial court to determine whether cause and prejudice has been sufficiently demonstrated. In this case, Mr. Tidwell did what the statute required. He demonstrated cause and prejudice by arguing that a new law entitled him to relief on his claim. The trial court had no trouble discerning his argument for cause and prejudice from the face of his petition. It was only at the appellate level that Mr. Tidwell's failure to file a separate motion seeking leave to file his successive petition was used by the court to avoid an analysis of cause and prejudice. How was it communicated to the court that this motion was being sought? Did they do it through the record of the case or through the appellate briefs? Well, the trial court knew that this was a successive petition based on the record before it. Mr. Tidwell did not explicitly use the words cause and prejudice, but the statute doesn't make that requirement. Rather, the statute requires a demonstration. The words used in the statute are he has to show cause, he has to show prejudice. Mr. Tidwell made that demonstration by his argument that a new law that was not available to him before was his cause and that he would have been entitled to relief based on that law. That was the prejudice. He didn't use the words, but he made the demonstration, he made the showing. And the trial court knew that through this demonstration of cause and prejudice, he was seeking leave to file this petition. How does People v. LaPointe impact on this case? People v. LaPointe? Yes. Well, People v. LaPointe found that a petition wasn't considered filed until leave of court is granted. And once leave of court is granted, then that petition is at the first stage, the 90-day clock begins to toll. LaPointe does not hurt this case in the least because Mr. Tidwell hasn't been granted leave to, the court never granted leave to file, but that's not what we're arguing. We're simply arguing that he's entitled to a review of the trial court's ruling on cause and prejudice. So LaPointe did not establish that the petitioner had to seek leave in a separate file? No. And in fact, the appellate court in LaPointe looked both to the motion that was later filed and also to the petition itself to see if a demonstration of cause and prejudice was required. And also, more recently in People v. Connick, this court noted in a footnote that while a separate motion was preferred, that it was a mere technical imperfection that does not hinder the trial court from performing its review under section 122-1F. This is one of those scenarios that that footnote speaks to. Mr. Tidwell didn't file a separate motion, but the trial court was not hindered from performing its review under the statute. However, in Connick, the pleading was entitled Pro Se Petitioner Leave to File Successive Petition for Post-Conviction Relief, and he incorporated within that petition for leave to file the basic allegations that he wanted to raise in his post-conviction. He did. He did. The petitioner in Connick was perhaps more precise than Mr. Tidwell was in his petition. But the fact is that the basic requirements of the statute were met with Mr. Tidwell's petition, because all the statute requires is a demonstration of cause and prejudice. Mr. Tidwell made a demonstration of cause and prejudice, and while it wasn't exactly precise, it should have been sufficient to, it was sufficient to meet the requirements of the statute. And the trial court certainly was able to make his ruling, make his findings on the issues of cause and prejudice. So the defendant can satisfy his obligation under the statute or her obligation under the statute by an implied, I mean, this is implied, because there's nothing expressed about, from what I understand in this case. Right. Right. An implied request to seek leave to file, which makes sense because anytime a petitioner submits a petition to the court, the trial court is inherently going to understand that the petitioner would like for that petition to be filed. And not simply submitted. The other, the other point is that the statute doesn't require an express request. It doesn't require an express request. It doesn't require a separate motion. It requires a demonstration. And a demonstration is what we have in this case. However, the statute does say that the petition cannot be filed without leave of court or something to that effect. Yes. Yes. And leave of court was not obtained in this case, was it? Right. Leave of court wasn't obtained because the trial court determined that he did not satisfy his cause and prejudice. The trial court simply skipped one. The trial court simply skipped the part that talks about leave of court. Is that correct? Well, I don't think that's quite it. Leave of court is obtained by showing cause and prejudice. They're right together. So had Mr. Tidwell sufficiently demonstrated cause and prejudice in the trial court size, then leave of court would have been granted. It's kind of, they're kind of parallel considerations in a way. So in this case, the petition was never filed. It was simply submitted. The trial court determined that he hadn't met cause and prejudice, denied leave to file, and here we are. Under LaPointe, however, if the trial court doesn't grant leave to file, the 90-day period of time never starts to run in this case. So the trial court would have no obligation to do anything with the petition unless leave was granted. Right. Yeah. But in this case, the reason he didn't grant leave was because he found that there was no sufficient demonstration of cause and prejudice. The way you obtain leave is to make the demonstration. Whether that demonstration is sufficient or not is what leads to whether the petition is actually filed or not. I know you believe this act actually supports your position, but there is an amendment being drafted and the legislature has been drafted that would require a motion. Yes. Yes, and that does support our position because when an unambiguous statute is amended, an intent to change the law is presumed. In this case, it's unambiguous that leave of court is required, but there's absolutely no mention of a separate motion. By contrast, the proposed statute is not only directed towards petitioners explicitly, which the current version is not, but it also explicitly requires a motion. If the need for a motion were already within the current version of the statute, there would be no reason to amend it. The fact that the proposed statute is so starkly different from the current version indicates that the current version doesn't require a motion. Does the proposed version have the words leave of court in it? Does it continue to use the word leave of court, or is motion clarifying what leave of court meant? I'm not certain that leave of court is in the proposed motion, but I am certain that the word motion, that it is specifically directed toward petitioners and clearly directs them to file a motion not before they submit their petition, but at the same time that they submit their petition. Even if this court ultimately concludes that a separate motion is required, then the appellate court should not refuse to review the trial court's ruling on cause and prejudice where the trial court was not hindered by the lack of such a motion and was able to make a ruling. In Connick, this court recognized that while it was preferred to file a separate motion, that the failure to do so was a technical imperfection that did not hinder the trial court from performing its review. Putting up a roadblock at this stage simply doesn't make sense. Mr. Tidwell made a demonstration of cause and prejudice. The trial court made a ruling on that demonstration. The appellate court refused to review that ruling based on a motion that no one ever considered at the trial court level. Even if the filing of a motion is preferred, it shouldn't keep the appellate court from reviewing the trial court's ruling on cause and prejudice where the trial court had enough information before it and was able to discern an argument for cause and prejudice and make a ruling. To do otherwise really... What's the purpose of requiring leave of court? The purpose to require leave of court is to cut back on frivolous filings by prisoners who have already filed one post-conviction petition. But requiring a separate motion would not decrease the burden on trial courts. It, in fact, would increase the burden on trial courts. When a prisoner has to demonstrate cause and prejudice, the prejudice portion of that argument is going to have to address some of the merits of the underlying claims. The prejudice and the underlying argument are really entwined, and it can't be... The prejudice can't be looked at in a vacuum without looking to the merits of whatever that underlying claim is. So if a separate motion is required, we have one motion with the cause and the prejudice laid out, and if the court grants leave to file, then gets the actual petition, then it will almost always be very... If not absolutely identical, then very, very similar to the petition that the trial courts already had a chance to look over and see. In this case, the trial court had a petition in front of him. He saw a demonstration for cause and prejudice. He was able to discern that argument and make a ruling. He denied leave to file. Mr. Tidwell was not allowed to file that petition, and the purpose of the statute was fulfilled when the trial court denied leave to file, when he made the ruling that it didn't meet cause and prejudice. So the intent behind the rule to curb frivolous filings will not be hindered in any way by a rule that does not find that a separate motion is a mandatory requirement. But aren't you reading the words leave of court out of the statute? If we follow the procedure the trial court followed in this case and you say that's okay, even if we can see that the pleading can be a combination which requests leave and then says the basis is within the petition or attaches to it, that doesn't seem to create a problem. But by simply ignoring that step, aren't you reading that out of the statute, that leave of court? I'm sorry, ignoring the requirement of leave of court? In this case, the trial court ignored it, it seems. The trial court apparently reviewed the pleading. The petition wasn't even filed. There was no leave to file it, granted. By following that procedure and by approving that, we're reading that out of the statute, it seems. Well, I don't think so. The statute requires leave of court. Leave of court is granted if the court finds there's been a demonstration of cause and prejudice. In this case, there was one petition, there wasn't a separate motion, but the demonstration of cause and prejudice, which is what is required to get leave of court, was within the document that the trial court had. So the trial court never granted leave to file. He didn't grant leave to file and then look at the merits of the petition. He looked at cause and prejudice and denied leave to file. He simply wasn't hindered by the lack of a separate motion. Counsel, what you want is judicial ruling or an appellate review of your action at the trial court. Yes, all Mr. Tidwell desires is for the appellate court to review the trial court's ruling on cause and prejudice. Okay. And it looks like this issue will be somewhat resolved by the legislature in the near future anyway. It might be. It might be. In conclusion, the plain language of the statute does not require successive petitioners to file a separate motion prior to submitting their successive petitions. While such a motion is preferred, it is not required. Moreover, the lack of such a motion should not be used by the appellate courts to avoid analysis. Therefore, Mr. Tidwell asks this court to remand his case to the appellate court for a review of the trial court's ruling on cause and prejudice. Thank you. Good afternoon, counsel, court. May it please the court, I am Assistant Cook County State's Attorney Mary Needham and I represent the people of the state of Illinois. The Post-Conviction Hearing Act provides for one post-conviction proceeding and it provides for subsequent or successive petitions in limited and certain circumstances. And Section 122-1F of the Act provides those circumstances and it specifically states only one petition may be filed without leave of court and leave of court may only be granted if a petitioner demonstrates cause and prejudice. And that provision goes on to it adopted this court's cause and prejudice test as set forth in People v. Pits and Barger. In this case, defendant filed a successive post-conviction petition that did not even identify itself as a successive petition. It didn't seek leave of court to proceed on a successive proceeding. It didn't establish or purport to advance cause and prejudice, nor did it advance cause and prejudice. Defendant merely filed his petition, the successive petition, as if there was no procedural hurdle, which this court and many other courts have said is a daunting hurdle to overcome. And now he asks this court to sanction that and ignore Section 122-1F. Ms. Needham, what is the valuable or principle that is advanced by requiring a pro se defendant to file a separate motion seeking leave to file his petitions? Well, the value of it is, number one, the legislature is seeking to curb the massive number of frivolous pleadings. So instead of having all these frivolous successive petitions, have a defendant, a petitioner, set forth the reason why a successive petition should be granted. That's why there is this requirement. So a court can look in the first instance to see is there any merit, what is the reason why this wasn't brought before. In fact, in this case, defendant couldn't meet the cause and prejudice test because his claim was I'm entitled to a reckless conduct instruction, and he already raised that in his direct appeal and in his first post-conviction petition. His petition basically was a citation to additional authority. He was citing a law, a recent Supreme Court decision that he felt advanced his prior litigated claim. This is almost a perfect example of why the legislature has intended and enacted this so that a court should be looking to see, well, do I need to spend time and resources considering this claim, or can we eliminate it and not worry about proceeding on this? The trial court did rule that there was no cause of prejudice in this petition that did not come before him with leave of court, is that right? That is correct. Is there any significance to that? And by that I mean since the trial court erred as well, you would submit that? I would submit that, yes. So is there any significance to the fact that an equitable argument can be made that this particular defendant in this case, if the trial court had done the same thing the appellate court did and said, well, I never gave you leave of court to file, presumably the defendant could have asked for leave of court, right? That's correct. And filed and got the same determination that he now received, and that is that, yeah, I gave you leave of court, but there's no cause of prejudice here. That's correct. All right. And that would have been reviewable? Yes. All right. And now whatever happened below is not reviewable, right? So I'm thinking in this particular instance, especially since if the legislature passes the amendment, presumably that wouldn't occur again. Shouldn't this particular defendant have appellate process here? Well, defendant, that's a very good point. Defendant isn't disadvantaged by the appellate court's ruling because his petition in the first instance was a successive petition. So if the people who have been able to advance this, or if it had been applied at the first stage, he could go back and say, well, I'm going to now try and establish the cause of prejudice. And that's exactly the position that he's in now with the appellate court's decision. Okay, well, it would be a second successive petition, but his burden is still the same. So defendant is not disadvantaged. Just go back to the trial court and file a second successive petition. No. Ask for leave of court to file. Correct. And meet his burden. Request leave of court. There's a reason the legislature enacted this. It is a procedural bar. The trial court made a mistake in just ignoring that there was a procedural hurdle for the defendant to cross over before he started considering causing. As far as the equitable argument goes, there's no prejudice to this particular defendant? No. Is it your position that a separate motion is required? It is my position that that is preferred. It doesn't have to be. It should be a separate document. But there has to be some request. In various cases, a defendant is making a request from in the petition and setting forth cause of prejudice. That didn't happen in this case. How can there be a leave granted if no request is ever made? That's why the appellate court didn't err in this case. It didn't need to consider what was never asked of it, what was never presented to the court. So you're saying it needs to be expressed and it can't be implied? Correct. Because if it's implied, there's no effect to section 122-1F. There's no procedural hurdle at all. Even though the legislature clearly intended that there be a hurdle. And there's several other reasons why there should not be an implied, the mere filing of your successive petition should not be considered a request for leave, a demonstration of cause and prejudice, and your underlying claim all in one. It's contrary to the plain language of the Act. It's contrary to this Court's decision in LaPointe, where this Court found that section 122-1F prohibited the filing of a successive petition without first obtaining leave of court. It leads to illogical results because a court now has to review a petition that's not considered filed to see if perhaps a defendant is advancing a claim or if one can be gleaned from it or implied. It's impractical to ask a court to search documents to see what's buried therein. It's time-consuming. It leads to other practical considerations. What standard is applicable for determining what's implied? The legislature has set out what should be in a request for leave. If a court has... How do you interpret the language of the statute itself, that leave of court may be granted only if a petitioner demonstrates, really, basically cause and prejudice, if you keep reading? So counsel says that they go hand in glove, right? Leave of court and cause and prejudice go, you know, hand in glove, that they're decided at the same time together. It seems like the procedure that you're advocating is, you know, to file this excessive post-conviction petition. The statute seems to say leave of court is not going to be granted unless he addresses cause and prejudice. Well, that's correct. But how does a court know that there's cause and prejudice if it's not even requested or set forth? I'm sorry? Like, for instance, in this case, this court, how did the court know that, I mean, it was just implied, I guess, by the basic filing. He made it, in fact, the judge in this case made a determination that the cause and prejudice test was not met. Correct, because he just ignored the procedural hurdle. He didn't consider why this claim wasn't raised before, what prevented a defendant from raising it before, and how a defendant was prejudiced by the failure to raise it before. You know, the appellate court's order in this case says that the Cook County Circuit Court denied him leave to file the second excessive petition. In truth, he looked at the petition and dismissed it as frivolous. Did he not? He found that he did not meet, well, yes, he did use that language. Are we looking at just a difference in language? Did, in fact, the trial court deny leave, maybe use the wrong order? Deny leave to file? Right. Well, at that posture, that's correct, because he reviewed for cause and prejudice when there was no request for leave to file. And he just went to the merits and found the claims were barred by res judicata and dismissed the petition. Could there be an argument this is like the conic language, a technical imperfection should not prevent us from examining it? I don't think it's anything like conic, where the defendant specifically stated and set forth his claim of cause and prejudice and requested leave. There's no imperfection because there was just no request. And merely because a trial court ignores a procedural hurdle should not bound an appellate court. Counsel, if there was no request, why was the court looking at cause and prejudice? Well, that's a... That, in fact, happened. The court looked at cause and prejudice. Somehow. Well, the court divined cause and prejudice from a claim, the underlying claim that Colton... He looked at the second successive petition, and sui spati gave it a cause and prejudice look. That's correct. And that was error, and it was not... Was the defendant even present when that happened? No. So he just did it on the paper. Correct. The appellate court should not be bound by an error that the trial court makes. The appellate court can affirm the judgment on any ground in the record, and that's what occurred in this case. And it's not improper for the procedural bar to be raised on appeal. Defendant is not disadvantaged in this position, especially because this was a successive PC. He had to request leave. He had to show cause and prejudice in any event. The statutory amendment that the legislature is contemplating does not mean that this provision does not require a defendant to seek leave of court explicitly. First, I don't know any rule of statutory construction that says you should, when the language is plain, you should look to the fact that the legislature is considering amending a statute to include more detailed language. But in any event, the fact that the legislature is contemplating including that language just shows that they want to make sure that that's exactly what's happening and that implied claims, requests for leave, and claims of cause and prejudice are not going to be the practice in the court. Finally, it's not more efficient for a trial court to be considering everything to be presented to it all at once. A bifurcated system is what the legislature has provided so that these claims do not burden the court and anyone practicing criminal law knows that they do. A request for leave that demonstrates cause and prejudice will not be identical to the underlying claim, just because defendant is arguing in this case this hybrid, well, my claim was good enough to show cause and prejudice. There's no reason why an underlying claim needs to show when a trial court is considering it and someone has overcome the procedural hurdle, why they will not be discussing what happened before, why the claim wasn't raised. That issue will be taken care of and the review will go right to the merits. For these reasons and the reasons in our brief, we respectfully request that this court affirm the appellate court's decision that applied the procedural bar to defendant's failure to request leave to proceed on a successive post-conviction petition. Thank you. Your Honors, I just have a few points to make on rebuttal. First, this is not a situation where we have an error of the trial court. The statute allows the court discretion to grant leave to file when there has been an adequate demonstration of cause and prejudice. Leave of court isn't granted until that standard has been met. In this case, the trial court determined that there was no adequate demonstration of cause and prejudice and denied leave to file. Secondly, an implied request does not undercut the reasons we have section 122-1F. An implied request, any successive petition still has to demonstrate cause and prejudice. There still has to be an adequate showing of both cause and prejudice. And if the trial court is able to see that argument for cause and prejudice and also an implied request for leave to file, then under the statute as it is currently written, that should be sufficient. Counselor, you indicated that the trial court did deny leave to file. Is that what the language of the order says? Yes, I do believe it is. The trial court denied leave to file. This was never filed. It never made it to this first stage. This is a unique procedural position because Mr. Tidwell never made it to the first stage. He was attempting to get leave to file his petition, start the first stage proceedings. So the court did treat it as an application or a request for leave to file? I believe that's a fair interpretation, yes. Did the circuit court find that the claims were barred by res judicata? Yes, the court did. And that was an issue that we addressed on direct appeal and disputed, but it hasn't been a pertinent issue to whether a separate motion is required. But in an analysis of whether leave is appropriate and cause and prejudice has been shown, you don't get the res judicata unless you're at the merits of the petition. Is that right? Well, yes, yes. In this case, the trial court, he discussed a lot of things. He discussed cause and prejudice. He did discuss res judicata, and he otherwise found that Mr. Tidwell's claims were without merit. But the baseline is that he didn't meet cause and prejudice, therefore he was denied leave to file his petition. Finally, I would just like to point out that Mr. Tidwell is disadvantaged. Let's go back to that a minute. Even accepting your argument as to the fact that leave of court is granted only if cause and prejudice is met. All right? Take that for purposes of, I know it's different than the state's argument, but for purposes of argument, agreeing that that's what the statute says. If this trial judge necessarily finds no cause and prejudice, ergo there would be no leave of court, and without any leave of court, how is there anything for the appellate court to review? Well, the appellate court needs to review whether that ruling on cause and prejudice was correct and whether leave to file should have been granted. Without a determination of did he demonstrate cause and prejudice, was the trial court's ruling on that issue correct, there's just no answer to that. So that's why it is important for the appellate court to review that ruling and determine whether the trial court's ruling was appropriate. Mr. Tidwell is disadvantaged if the appellate court's ruling is affirmed. If it's just affirmed and just say, well, go back and try again and file a motion this time, well, that will be his third post-conviction petition, his second successive petition. He'll be required to meet cause and prejudice again of why it wasn't resolved at this level. He'll be subject to, if it's found frivolous again, he'll be subject to fees and fines. He could potentially be the subject of losing good time credit. And it will ultimately just cause further delay in litigation that is unnecessary because we have all the information we need right here to resolve the issue. I'm going to let you go, but going back to, and I'm not saying that's the most perfectly worded statute in the world. In fact, it seems like the legislature is addressing that. But from a purely technical standpoint, the state, you're asking us to decide whether it was an abuse of discretion under how you interpret this statute for this judge not to grant leave of court. Well, purely technically, if there's not leave of court granted, there's nothing for the appellate court to address. So doesn't that make the state's argument a little more persuasive that, you know, leave of court comes before addressing the cause and prejudice standard? And if that's granted, if leave of court to file a successive petition is granted, then the cause and prejudice analysis would be subject to appellate review. My response is simply that leave of court comes immediately after a demonstration of cause and prejudice. In order to get leave of court, you have to demonstrate cause and prejudice. So it wasn't the reverse. It wasn't I'm going to grant you leave to file this petition. That never happened. This petition was submitted, but it was never officially filed because the trial court found that it didn't meet cause and prejudice. And what you're requesting us to do is either review or send it back to the appellate court to review whether the trial court properly denied leave of court, whether the trial court properly filed no cause or prejudice. Right. We'd prefer that the cause is remanded, but this court certainly can rule on its own if it so desires. If there are no further questions, thank you very much. Thank you, counsel. Case number 108133 will be taken under advisement. This is agenda number 8.